**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CHLOE A. LUCERO,

        Plaintiff,

v.                                                       No. 18cv788 RB/GBW

MAX LANDIS, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Complaint for a Civil Case (Doc. 1 ("Compl.")), filed August 16, 2018, Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), filed August 16, 2018 ("Application"), Motion Requesting Appointment of Counsel (Doc. 6), filed September 12, 2018, Second Motion to Appoint Counsel (Doc. 8), filed October 15, 2018, Motion to Amend Complaint (Doc. 9), filed October 18, 2018, and Motion for Protection (Doc. 10), filed November 5, 2018.

## Application to Proceed *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (quoting *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)) (subsequent citation omitted). "[A]n application to proceed *in forma*

*pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute[,] . . . an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (quotation marks omitted).

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and that the following information is true: (i) her income amount expected next month is $1,096.00; (ii) her total monthly expenses are $1,164.12; (iii) she has a negative balance in a bank account, and (iv) she is unemployed. The Court finds that Plaintiff is unable to pay the filing fee because her monthly expenses exceed her monthly income and she is unemployed.

**<u>Motion to Amend</u>**

Plaintiff's Motion to Amend seeks to add: (i) several criminal statutes as the basis for jurisdiction: (ii) a page of text to the Statement of Claim in her original Complaint; and (iii) additional relief sought. (*See* Doc. 9.) Federal Rule of Civil Procedure 15(a)(1) provides:

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Defendants have not served a responsive pleading or a motion under Rule 12(b), (e), or (f). Consequently, Plaintiff may amend her Complaint as a matter of course. As explained below, however, the Court will dismiss Plaintiff's case for failure to state a claim. Consequently, the Court will deny her Motion to Amend as moot.

**Dismissal of the Case**

The Complaint alleges that Plaintiff's constitutional rights, privileges, or immunities have been violated based on the following:

> The defend[ant] Max Landis (Doing Business As UTMK,) in concert with his assigned parties profited from my work. I wrote a book, copyrighted it, and it was published . . . Max Landis and those assigned, took my intellectual property, . . . and profited from it without my permission as the motion picture American Ultra . . . the defendants engaged people, to commit a series of crimes, including crimes against me.

(Compl. at 5.) Plaintiff also asserts that around 2012 she supplied Defendant Hoyt and another person "with three initial sample chapters" of her book. (*Id.* at 7.) In 2013, Plaintiff traveled to Peru where she was "surveilled by persons, and parties unknown," and "was poisoned with LSD on several occasions." (*Id.* at 8–9.) Feeling her "life was in great jeopardy," Plaintiff travelled to Ecuador and then to Los Angeles where she "was greeted by what a reasonable person might conclude were unusual, strange, or suspicious activities." (*Id.* at 9.) After traveling to New Mexico and New York City, Plaintiff arrived in Colombia, South America, where unnamed persons attempted to kidnap and murder her, causing her to travel to Ecuador. (*Id.* at 9–10.) Believing her "life to be in grave jeopardy" again, Plaintiff returned to Ecuador where "there was more graffiti on the consul building" and "strange persons outside the building." (*Id.* at 10.) Plaintiff then returned to the United States, visiting Oregon where "unusual, strange, or alarming events began transpiring," New York City where Plaintiff believed she "was still under surveillance," Philadelphia where "more graffiti appeared," Las Cruces where she was given "something which

was poisoned with some sort of chemical substance," before traveling to Puerto Rico where she "encountered more strange graffiti outside" her residence and "became aware the of [sic] menacing presence of persons surveilling me; and committing other strange acts." (*Id.* at 10–13.) Because she "felt it may be unsafe" to remain in Puerto Rico, Plaintiff then traveled to Arizona where she "felt [she] was under possible surveillance" before moving to her current residence in Deming, New Mexico. (*Id.* at 12–13.)

The Court dismisses Plaintiff's copyright infringement claims for failure to state a claim. "There are two elements to a copyright infringement claim: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *La Resolana Architects PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Plaintiff alleges that Defendant "Max Landis and those assigned, took my intellectual property . . . and profited from it without my permission"; however, Plaintiff does not allege that any Defendants copied constituent elements of her book that were original. In addition, other than Max Landis, Plaintiff does not indicate which of the 37 named Defendants she is asserting copyright infringement claims against.

The Court dismisses Plaintiff's claims of violations of her constitutional rights for failure to state a claim. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff fails to state with any particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff.

Plaintiff cites numerous statutes regarding various crimes. (*See* Compl. at 3; Doc. 9 at 1.) To the extent Plaintiff is seeking to institute criminal prosecutions of any Defendants pursuant to those criminal statutes, the Court dismisses those claims. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Court dismisses this case for failure to state a claim. Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. Section 1915(e)(2) states that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

## Motions to Appoint Counsel

Because the Court must dismiss this case pursuant to 28 U.S.C. § 1915(e)(2), the Court denies Plaintiff's motions to appoint counsel as moot.

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), filed August 16, 2018, is **GRANTED.**

(ii)    Plaintiff's Motion to Amend Complaint (Doc. 9), filed October 18, 2018, is **DENIED as moot.**

(iii)   This case is **DISMISSED without prejudice.**

(iii)   Plaintiff's Motion Requesting Appointment of Counsel (Doc. 6), filed September 12, 2018, is **DENIED as moot.**

(iv)    Plaintiff's Second Motion to Appoint Counsel (Doc. 7), filed October 12, 2018, is **DENIED as moot.**

(v)     Plaintiff's Motion for Protection (Doc. 10), filed November 5, 2018, is **DENIED**

as moot.


_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE